## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                        **CRIMINAL DOCKET**

**VERSUS**                                                          **NO. 10-036**

**EDWARD DAVIS**                                               **SECTION "K"(3)**

### ORDER AND OPINION

Before the Court is the "Motion to Apply Fair Sentencing Act of 2010 at Sentencing" filed on behalf of defendant Edward Davis (Doc. 68).  Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, DENIES the motion.

On February 5, 2010, a federal grand jury indicted Edward Davis on one count of conspiracy to distribute and to possess with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), all in violation of 21 U.S.C. § 846 and one count of distributing five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1)  and § 841(b)(1)(B) and 18 U.S.C. § 2. (Doc. 1). Thereafter, the government filed a superseding bill of information to establish that defendant had a prior, final state conviction for distribution of cocaine. (Doc. 38).

On September 15, 2010, Edward Davis pleaded guilty to the indictment and admitted the prior felony drug conviction which permitted  that prior conviction to be used to enhance his sentence pursuant to 21 U.S.C. § 841(b)(1)(B) and §851.  Based on defendant's admission that at least 5 grams of cocaine base was involved in his offenses of conviction, § 841(b)(1)(B), as written at the time Edward Davis committed his offenses,  provided for a mandatory minimum term of imprisonment of 5 years and a maximum term of imprisonment of forty (40) years on each count.

Additionally,  defendant's prior felony drug conviction triggered a sentencing enhancement that mandated a minimum  ten (10) year  term of imprisonment and a maximum term of life imprisonment on each count.

After the grand jury indicted defendant, but prior to the time he pleaded guilty, Congress passed, and the President signed, the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (2010) (herein after "FSA").[1]  The FSA raised the threshold amount of  cocaine base necessary to activate  a mandatory minimum term of imprisonment under §841(b)(1)(B) from 5 grams of a mixture containing cocaine base to 28 grams of such a mixture.   Thus,  if the FSA applies retroactively  no mandatory minimum term of imprisonment will apply to Mr. Davis and he will face a lesser maximum term of imprisonment.[2]

## LAW AND ANALYSIS

The issue to be determined is whether the FSA applies to a defendant who committed an offense prior to the FSA's enactment but who will be sentenced after its enactment.   The FSA does not contain any express provision addressing whether it applies retroactively to a defendant who committed a covered offense prior to its enactment.   The general federal Savings Statute provides:

> The repeal of any statute shall not have the effect to release or extinguish any penalty . . . unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty[.]

1 U.S.C. §109.  It is well established that the Savings Statute applies not only to the repeal of a

---

[1] The President signed the FSA on August 3, 2010.

[2] Under the provisions of the FSA, the maximum sentence for a § 841(a)(1) offense involving less than 28 grams of cocaine base is twenty (20) years; with an enhancement under §851, the maximum sentence would be thirty (30) years.

criminal statute but also to the amendment of a criminal statute. *United States v. Bell*, 624 F.3d 803, 814 (7th Cir. 2010); *United States v. Jacobs*, 919 F.2d 10, 11-13 (3rd Cir. 1990).

The Fifth Circuit Court of Appeals has not yet addressed whether the FSA applies retroactively to a defendant who committed an offense prior to its enactment. However, without exception, other courts of appeal have concluded that the FSA does not apply to criminal conduct which occurred before the enactment of the FSA. *United States v. Reed*, No. 10-6049, 2010 WL 5176818, at *4 (10th Cir. December 22, 2010; *United States v. Reevey*, No. 10-1812, 2010 WL 5078239, at *3-4 (3rd Cir. December 14, 2010); *United States v. Wilson*, No. 10-4160, 2010 WL 4561381, at **2 (4th Cir. November 12, 2010); *United States v. Hall*, No. 09-10216, 2010 WL 4561363, at *3 (9th Cir. November 10, 2010); *United States v. Glover*, No. 09-1725, 2010 WL 4250060, at *2 (2nd Cir. October 27, 2010); *United States v. Bell*, No. 09-3908, 2010 WL 4103700, at *10 (7th Cir. October 20, 2010); *United States v. Brown*, No. 10-1791, 2010 WL 3958760, at *1 (8th Cir. October 12, 2010); *United States v. Gomes*, No. 10-11225, 2010 WL 3810872, at *2 (11th Cir. October 1, 2010); *United States v. Carradine*, No. 08-3220, 2010 WL 3619799, at *12-13 (6th Cir. September 20, 2010). In each of cited cases, except *United States v. Hall*, the appellate panel concluded that the FSA did not apply retroactively and grounded that conclusion on the Savings Statute and the fact that the FSA contained no provision for retroactivity[3] That reasoning is compelling.

Congress had knowledge of the provisions of the Savings Statute and knew that the Savings Statute applied not only to repeals of statutes but also to amendments to criminal statutes.

---

[3] In *United States v. Hall*, No. 09-10216, 2010 WL 4561363, at *3 (9th Cir. November 10, 2010), the panel simply stated that "the new legislation is not retroactive."

3

Moreover,  Congress knew how to ensure retroactive application of the Act and yet failed to include such language in the FSA.  Defendant cites the act's legislative history of as well as the United States Sentencing Commission's criticism of the sentencing disparity between offense involving cocaine hydrochloride  and those involving cocaine base in urging that Congress "expected and intended for its new crack sentencing provision to be applied to pending cases as soon as possible" and in contending that the FSA applies retroactively.  Doc. 68-1, p. 5.  Considering  Congress's knowledge of the Savings Statute and the failure of Congress to expressly provide for retroactivity of the FSA, defendant's contention is not persuasive.  The Fair Sentencing Act does not apply retroactively to a criminal conduct that occurred before its  enactment.  Accordingly, defendant's motion is DENIED.

New Orleans, Louisiana, this 3rd day of January, 2011.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE