UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 10-0036 |
| EDWARD DAVIS | SECTION "K"(3) |

### ORDER AND OPINION

Before the Court is the "Motion under §2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody" filed by defendant Edward Davis, *pro se*. Having reviewed the record and the relevant law, the Court, for the reasons assigned, **DENIES** the motion.

Background

On February 5, 2010, a grand jury indicted Edward Davis on one count of conspiracy to distribute and possession with intent to distribute five or more grams of cocaine base in violation of 21 U.S.C. §846, 841(b)(1)(B) and one count of distribution of five grams or more of cocaine base in violation of 21 U.S.C.§841(b)(1)(B). Thereafter the government filed a superseding bill of information to establish a prior conviction for a drug offense pursuant to 21 U.S.C. §851 (Doc. 38). On September 15, 2010, Davis pleaded guilty to both counts of the indictment and pleaded guilty to the superseding bill of information. At the time defendant committed the drug offenses forming the basis for the two count indictment, 21 U.S.C. §841(b)(1)(B) provided for a mandatory minimum term of imprisonment of ten (10) years for offenses involving more than 5 grams of cocaine base.

Based on Davis's status as a career offender with a criminal history category of VI, defendant's Sentencing Guideline range  provided for a term of imprisonment of not less than 262 months and not more than 327 months. The Court granted defendant's request for a downward

departure and sentenced defendant to a 185 month term of imprisonment on each count of the indictment to run concurrently. In granting defendant's request for a downward departure the Court noted that defendant's guidelines were driven primarily by his criminal history, that there was no history of violence in defendant's background, and that his childhood was lamentable with factors resulting in defendant commencing use of marijuana at age 11. The Court further noted that a 185 month term of imprisonment was sufficient punishment for the offense.

After the grand jury indicted defendant, but prior to the time he pleaded guilty Congress passed the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (2010) (herein after "FSA"). The FSA raised the threshold amount of cocaine base necessary to trigger a mandatory minimum term of imprisonment under 28 U.S.C. 841(b)(1)(B) from 5 grams of a mixture containing cocaine base to 28 grams of such a mixture. The FSA took effect on August 3, 2010, prior to the Edward Davis pleading guilty. The FSA authorized the United States Sentencing Commission to craft amendments to the Sentencing Guidelines necessitated by passage of that statute. The Sentencing Guideline amendments developed to address the FSA amended the drug quantity tables of the Sentencing Guidelines and became effective November 1, 2010.

Law and Analysis

Defendant moves to vacate his sentence on two grounds: 1) the Court erred in failing to apply the FSA in sentencing him; and 2) his counsel rendered ineffective assistance by failing to urge on direct appeal that the Court erred in failing to apply the FSA in sentencing him. Both contentions lack merit.

Defendant urges that if the Court had applied the FSA to his case he would not have been subject to a ten year mandatory minimum term of imprisonment on each count of the indictment.

In *Dorsey v. United States*, 132 S.Ct. 2321 (2012), the Supreme Court held that the lower mandatory minimum sentences of the FSA apply to the post-Act sentencing of pre-Act offenders. Thus, the FSA applies to defendant. However, neither that fact nor the fact that the Court sentenced defendant after the effective date of the amendments to the Sentencing Guidelines relative to the FSA entitles defendant to the relief he seeks, i.e., a reduction of his sentence based on the amended Sentencing Guideline range.

The Court based defendant's sentence on his status as a career offender. "The crack cocaine guideline amendments do not apply to prisoners sentenced as career offenders." *United States v. Anderson,* 591 F.3d 789, 791 (5th Cir. 2009). Despite the fact that the Court granted defendant a downward departure from the Sentencing Guideline Range applicable to a career offender, his sentence nonetheless remained based on the career offender guideline. See *United States v. Robinson*, 498 Fed. Appx. 419, 421, 2012 WL 5928274 (5th Cir. 2012). Therefore, the FSA offers defendant no relief.

Defendant also seeks to vacate his sentence contending that his counsel rendered ineffective assistance by failing to urge on direct appeal that the Court erred in not applying the FSA to defendant. To prevail on an ineffective assistance of counsel claim, Davis must satisfy a two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the defendant must show that counsel's performance was deficient. *Id.* Second, the defendant must show that this deficient performance prejudiced the defense. *Id.*

With regard to the first prong concerning deficient performance, "[t]his requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* "[T]he proper standard for attorney performance is that of

3

reasonably effective assistance." *Id.* To establish that his counsel's performance was constitutionally deficient, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* Moreover, "the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." *Id.*

With regard to the second prong under *Strickland*, to satisfy the prejudice requirement, the defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. "[T]he ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged." *Id*. at 696. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691 (citations omitted). Thus, "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id.* "Even if a defendant shows that particular errors of counsel were unreasonable, [ ] the defendant must show that they actually had an adverse effect on the defense." *Id.* at 693. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* The failure to raise a meritless argument cannot serve as the basis of a successful ineffective assistance claim because a different result would not have been reached had the attorney raised the issue. *United States v. Kimler*, 167 F.3d 889, 892 (5th Cir. 1999).

The defendant bears the burden of proof when alleging an ineffective assistance claim and

"must demonstrate, by a preponderance of the evidence, that his counsel was ineffective." *Jernigan v. Collins,* 980 F.2d 292, 296 (5th Cir. 1993); *see also Clark v. Johnson,* 227 F.3d 273, 284 (5th Cir. 2000). There is no need to address both prongs of the *Strickland* test if a court finds that defendant has made an insufficient showing as to either of the prongs. *Strickland*, 466 U.S. at 697.

Even if the Court had concluded that the FSA applied to defendant, that conclusion would not have altered defendant's sentence because the Court sentenced defendant based on his status as a career offender. Thus, even if counsel on direct appeal had raised the issue of the applicability of the FSA, defendant would not have gotten relief with respect to the length of his sentence. Counsel's failure to raise on direct appeal the issue of the applicability of the FSA did not prejudice defendant. Therefore, defendant's claim of ineffective assistance of counsel fails.

New Orleans, Louisiana, this 5th day of September, 2013.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE