UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| VERSUS | NO. 10-036 |
| EDWARD DAVIS | SECTION "K"(3) |

### ORDER AND REASONS

Before the Court is Edward Davis's "Motion to Reconsider Pursuant to FRCP 60(b)" (R. Doc. 145). Having reviewed the record, motion and memoranda, and relevant law, the Court DENIES the motion for the reasons herein.

### I. BACKGROUND

Petitioner Edward Davis pled guilty to one count of conspiracy to distribute and possession with intent to distribute five or more grams of cocaine base in violation and one count of distribution of five or more grams of cocaine base. At the time Davis committed the drug offenses, 21 U.S.C. § 841(b)(1)(B) provided for a mandatory minimum term of imprisonment of 10 years for offenses involving more than 5 grams of cocaine base. Davis was considered a career offender with a criminal history category of VI, and the Sentencing Guidelines provided for a range of imprisonment of not less than 262-367 months. The Court granted Davis's request for a downward departure, however, sentencing him to a term of imprisonment of 185 months on each count to run concurrently. (R. Doc.140).

After the grand jury indicted Davis on February 5, 2010, but before he pled guilty, Congress passed the Fair Sentencing Act of 2010 (FSA), increasing the threshold amount of cocaine base necessary to trigger the mandatory minimum imprisonment from 5 grams of the mixture with cocaine base to 28 grams. The FSA took effect August 3, 2010, prior to Davis's

rearraignment on September 15, 2010. The Supreme Court in *Dorsey v. United States*, 132 S.C.t 2321 (2012), held that the lower mandatory minimum sentences of the FSA apply to the post-Act sentencing of pre-Act offenders. Therefore, the FSA applied to Davis.

Davis made the argument that the FSA lowers the mandatory minimum sentence in a Section 2255 motion, (R. Doc. 113), and this Court denied the motion. (R. Doc. 140). As explained in this Court's Opinion, because Davis was sentenced as a career offender, the FSA does not apply to him per Fifth Circuit jurisprudence. (R. Doc. 140). Davis timely filed this Rule 60(b) Motion to Reconsider the denial of his 2255 and the denial of the certificate of appealability afterward.

## II.     LAW & ANALYSIS

In his motion, Petitioner Edward Davis, a federal prisoner, requests that this Court reconsider this Court's denial of his 28 U.S.C. § 2255 motion and this Court's denial of the certificate of appealability in a motion filed pursuant to Federal Rule of Civil Procedure 60(b). (R. Doc. 145). Davis seeks reconsideration based on the premise that "the [Fair Sentencing Act's ("FSA")] new lower mandatory minimums apply to Davis and lowers his career offender guideline." (R. Doc. 145, 3). Specifically, Mr. Davis argues in his current motion to reconsider that the FSA lowered the statutory maximum from life imprisonment to 30 years imprisonment, affecting the total offense level under § 4B1.1 as a career offender. *Id.* Therefore, the 30 year maximum would subject him to a base offense level of 34 rather than 37 as a career offender. (R. Doc. 145, 5, citing *United States v. Smith*, 478 Fed.Appx. 661 (11th Cir. 2012)). Mr. Davis requests that the Court "reconsider his section 2255 motion and certificate of appealability under the: (1) "FSA of 2010 and *Dorsey v. United States, 132 S.Ct. 2321 (2012); (2) *United States v. Smith, 478 Fed. Appx. 661 (11th Cir. 2012); and (3) the Court's holdings in Spencer v. United

States, 2012 U.S.App. LEXIS 16895 (11th Cir. August 15, 2013)" and prays that this Court "grant his motion and reduce his career offender guideline and sentence accordingly." (R. Doc. 145, 6).

As an initial matter, the Court must determine whether Mr. Davis may bring a Rule 60(b) motion. "The relief that is available under Rule 60(b) in habeas proceedings must be granted consistently with the Antiterrorism and Effective Death Penalty Act ("AEDPA")." *Balentine v. Thaler*, 626 F.3d 842, 848 (5th Cir. 2010). That is, the Rule 60(b) motion may not be used to attack a prior merits-based ruling. Where the Rule 60(b) motion attacks a prior merits-based ruling, the Court may consider the motion a successive habeas petition.[1] Specifically, the Rule 60(b) motion should be characterized as a successive habeas petition[2] where the three requirements set forth in the 28 U.S.C. § 2244(b) are met:

> The relevant provisions of the AEDPA-amended habeas statutes, 28 U.S.C. §§ 2244(b)(1)-(3), impose three requirements on second or successive habeas petitions: First, any claim that has already been adjudicated in a previous petition must be dismissed. § 2244(b)(1). Second, any claim that has *not* already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. § 2244(b)(3).

*Gonzalez v. Crosby*, 545 U.S. 524, 529-30, 125 S. Ct. 2641, 2646, 162 L. Ed. 2d 480 (2005).

The first question is whether the claim presented in the motion was also presented in a prior application; "[i]f so, the claim must be dismissed." *Id.* at 530. The motion presents a

---

[1] *Gonzalez v. Crosby*, 545 U.S. 524, 530, 125 S. Ct. 2641, 2647, 162 L. Ed. 2d 480 (2005) ("Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly. We think those holdings are correct.").
[2] "AEDPA uses the phrase 'second or successive' as a 'term of art.' The phrase appears in both § 2244 and 2255, and it carries the same meaning in both provisions." *In re Lampton*, 667 F.3d 585, 587-88 (5th Cir. 2012).

"claim" where the motion attacks the federal court's prior merits-based ruling on a claim. *Id.* at 532. The Supreme Court explained that "on the merits" in this context refers to "a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief [, and w]hen a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim." *Id.* at 532 n. 4.  To reiterate, if the motion does present a successive habeas claim, "[u]nder AEDPA, any successive habeas claim 'that has *not* already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence.'" *Balentine v. Thaler*, 626 F.3d 842, 848 (5th Cir. 2010)(quoting *Gonzalez*, 545 U.S. at 532).  However, "where a habeas petitioner 'merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as . . . statute-of-limitations bar,' Rule 60(b) empowers a federal court to hear the petitioner's challenge." *Hernandez v. Thaler,* 630 F.3d 420, 427 (5th Cir. 2011) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 n.4 (2005)). Thus, where the Rule 60(b) motion "attacks only a defect in the integrity of the federal habeas proceedings should not be treated as a successive habeas application." *Ochoa Canales v. Quarterman*, 507 F.3d 884, 887 (5th Cir. 2007) (quoting *Gonzalez*, 545 U.S. at 532. Under such circumstances, a petitioner may be granted relief under Rule 60(b).

Rule 60(b) identifies several distinct bases for granting post-judgment relief.  Mr. Davis does not specify under which sub-section he seeks relief; however, after reviewing Rule 60(b), it is clear that only Rule 60(b)(6) applies in this instance.  Rule 60(b)(6), a "catch-all provision," permits a court to provide relief for "any other reason that justifies [it]." Fed. R. Civ. P. 60(b)(6).

To secure relief under Rule 60(b), a petitioner must demonstrate the existence of "extraordinary circumstances."[3] *Hernandez*, 630 F.3d at 428.

On September 5, 2013, this Court denied Edward Davis's §2255 motion because Mr. Davis's sentence was based on his status as a career offender. (R. Doc. 140). As such, the guideline amendments did not apply to him. (*See* R. Doc. 140, at 3). Again, as stated in the Court's Order and Opinion, the Fifth Circuit stated unequivocally that "the crack cocaine guideline amendments do not apply to prisoners sentenced as career offenders." *United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009). Because the career offender's sentence does not derive from the amount of crack cocaine involved in his offense, he is not sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission.[4]

After a review of his original 2255 motion, it is apparent that Davis has alleged substantially the same claim in his Rule 60(b) motion as in his 2255 motion. In his original 2255 motion, Davis argued that, under *Dorsey*, the FSA applies to his case and that his sentence be reduced. Davis argued that he should have been sentenced under 28 U.S.C. §841(b)(1)(C),

---

[3] *Balentine v. Thaler*, 626 F.3d 842, 846 (5th Cir. 2010)("We have described this Rule as a powerful one: Rule 60(b)(6) is a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses, [but] we have also narrowly circumscribed its availability, holding that Rule 60(b)(6) relief will be granted only if extraordinary circumstances are present. *Batts v. Tow–Motor Forklift Co.,* 66 F.3d 743, 747 (5th Cir.1995) (citations and internal quotation marks omitted).")

[4] The Court notes that, while in its opinion Davis should not be afforded relief under current Fifth Circuit precedent in *United States v. Anderson,* 591 F.3d 789, 789-91 (5th Cir. 2009), other Eleventh Circuit case law indicates that there may be merit to his claim. In his memo, Davis cites *United States v. Smith*, 478 F. App'x 661, 664 (11th Cir. 2012) in support of his argument. In that case, the Petitioner, Smith, was charged with three separate 21 U.S.C. § 841(a) offenses, each involving less than 28 grams of crack cocaine for purposes of calculating the statutory maximum. The FSA "lowered" the statutory maximum sentence for Smith from life imprisonment to a maximum of 30 years. Based on this new maximum, Smith argued that his offense level under the career offender guideline (U.S.S.G. § 4B1.1(b)) was 34 and not 37. Smith did not challenge his career offender status. The Eleventh Circuit stated that while "in most cases the FSA affects whether a mandatory minimum sentence applies, the FSA here affects Smith's statutory maximum sentence and in turn what offense level in § 4B1.1 should be used due to Smith's admitted career offender status," and remanded the case for resentencing "in light of *Dorsey*." *United States v. Smith*, 478 F. App'x 661, 666 (11th Cir. 2012). Nevertheless, the Fifth Circuit has addressed the career offender issue in *Anderson* and held that the district court did not err in its sentencing calculation, which did not derive from the amount of crack cocaine but by the career offender status. 591 F.3d 789, 789-91 (5th Cir. 2009). Therefore, while it appears that Davis's argument has merit, the Court is bound to follow the precedent set by this Circuit.

which carries a statutory maximum of 30 years, resulting in a lower base offense level as a career offender. Thus, Davis argued that he should receive a base offense level of 34 and not 37.

Davis makes the very same argument in his Rule 60(b) motion.  He does not present new case law announcing a new rule of constitutional law nor does he contend that the federal habeas proceeding was defective.  Further, although Davis requests the Court reconsider the denial of the certificate of appealability, Rule 60(b) is not the appropriate means for seeking such relief as it is not a judgment and the Petitioner may seek a certificate of appealability from the United States Court of Appeals.  As to the primary claim in Davis's Rule 60(b) motion and the request to review the denial of the certificate of appealability—which both address a ruling as to whether the petitioner presented grounds entitling him to habeas corpus relief—the claims attack the prior merits-based ruling. Accordingly,

**IT IS ORDERED** that Edward Davis's Motion to Reconsider (R. Doc. 145) is hereby **DENIED**.

New Orleans, Louisiana, this 12th day of June, 2014.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE